In Re : Appeal from The Annual Audit and Financial Report of The Auditors of The Borough of Upland for The Calendar Year 1973. The Auditors for The Borough of Upland, Delaware County, Appellants.

Submitted on briefs, April 7, 1978, to Judges CRUM-
LISH, JR., MENCER and ROGERS, sitting as a panel of
three.

*Jack Brian,* with him *Richard, Brian, DiSanti &
Hamilton,* for appellant.

*Edward J. Zetusky, Jr.,* Assistant City Solicitor,
for appellees.

OPINION BY JUDGE MENCER, July 17, 1978:

The appellants in this case are the elected auditors
of the Borough of Upland who are charged by statute
with the duty of annually auditing, adjusting, and
settling the accounts of the Borough. *See* Section 1041
of The Borough Code (Code), Act of February 1, 1966,
P.L. (1965) 1656, *as amended,* 53 P.S. §46041. Pur-

suant to their audit of the Borough of Upland's accounts for the year 1973, the auditors filed a report which included surcharges against the mayor, the borough secretary, and all six members of the borough council. These officials appealed to the Court of Common Pleas of Delaware County, pursuant to Section 1044 of the Code, 53 P.S. §46044. When the Court of Common Pleas sustained the appeal and set aside the surcharges, the auditors appealed to this Court. We affirm the lower court.

Section 1041(c) of the Code, 53 P.S. §46041(c), authorizes the imposition of surcharges under certain circumstances and provides:

*The amount of any balance or shortage,* or of any expenditure of a kind, or made in a manner, prohibited or not authorized by statute, which causes a financial loss to the borough, *shall be a surcharge against any officer against whom such balance or shortage shall appear, or who by vote, act, or neglect, has permitted or approved such expenditure, but no elected or appointed official of a borough shall be surcharged for any act, error or omission in excess of the actual financial loss sustained by the borough,* and any surcharge shall take into consideration as its basis the results of such act, error or omission and the results had the procedure been strictly according to law. The provisions hereof limiting the amount of any surcharge shall not apply to cases involving fraud or collusion on the part of officers, nor to any penalty enuring to the benefit or payable to the Commonwealth. (Emphasis added.)

Thus, in order to impose a surcharge, the auditors must show that a shortage "appears against" an official or that an official has, by vote, act or neglect,

permitted or approved an improper expenditure. Absent fraud or collusion, the amount of a surcharge cannot exceed the actual financial loss sustained by the borough.

The surcharge against the mayor, Raymond Ruditys, is based on the fact that 267 numbered traffic tickets distributed to the Upland Police Department for issuance to traffic violators are not accounted for. The court below found, and the evidence on the point is undisputed, that at all times in 1973 the sergeant in charge of the police department had complete responsibility for the disposition of these tickets. The mayor exercised no supervision or control over the processing of the tickets and never received any of the proceeds from the payment of fines. While the mayor has the statutory duty to direct the manner in which police officers perform their duties, Section 1121 of the Code, 53 P.S. §46121, he is expressly given the right to delegate this duty to an officer in charge of the police department. *Id.* Here, the responsibility for the traffic tickets had been delegated to the police sergeant, and there is no evidence that the mayor was negligent in this regard. The auditors have thus failed to establish that the shortage, if any, "appears against" the mayor or that the mayor, by neglect or otherwise, permitted the shortage. The surcharge against the mayor was therefore improper.

The surcharge against the borough secretary, William F. Costello, is based on his alleged failure to bill the City of Chester for the use of the Upland sewer system by Chester residents. As the lower court observed, the only evidence of Costello's duties in this regard was his own testimony that, absent instructions from the borough council, he had no authority to send such bills and that council never gave such instructions for the year 1973. Since there is no evidence to the

contrary, the shortage, if any, does not "appear against" Costello and the surcharge against him was improper.

The surcharge against the six members of the borough council is based on allegedly improper withdrawals from a "sinking fund" known as the Upland Terrace Demolition Sinking Fund. This fund was created by resolution in 1956 for the purpose of accumulating sufficient funds to demolish a housing complex owned by the borough. During 1973, a total of $20,393 was withdrawn from this fund for other purposes.[1] Of this amount, $10,000 was transferred to the general fund under the authority of two resolutions and were proper. An additional $5,000 was transferred to the general fund, apparently without the authority of a resolution, but was returned to the sinking fund within three months. Since no financial loss was suffered as a result of this withdrawal, the surcharge based on it was improper. *See In Re Appeal Auditors Hughestown Borough*, 26 Luz. 101, 22 Mun. 97 (1930).

The remaining withdrawal of $5,393 is unexplained except by a note reading "January 11th [1973] to Lewis Hopkins and Williamson—check no. 62." The expenditure of this amount was apparently unauthorized, and the official or officials responsible would have the burden of showing why a surcharge in the amount of $5,393 would not be appropriate. *See* Section 1047 of the Code, 53 P.S. §46047 (burden shall be upon officer whose accounts are involved to establish

---

[1] The auditors attempted to impose a surcharge in the total amount of $68,416.19, representing withdrawals from the sinking fund between August 1956 and December 31, 1973. Even assuming that the auditors had the power to impose surcharges for shortages allegedly suffered in years prior to the year under consideration, a contention which the lower court correctly rejected, the record does not disclose which members, if any, of the six members of council in 1973 were also members during the preceding 17 years.

"his right to credits claimed by him.") However, there was absolutely no evidence before the lower court from which it could be determined which, if any, council members were in charge of the fund; which, if any, council members had the power to make withdrawals or write checks on the fund; or which, if any, council members were even aware of the expenditure. It has not, therefore, been established that this shortage "appears against" any council member or that any council member permitted or approved the expenditure, and the surcharge against the council members was therefore improper.

Order affirmed.

### ORDER

AND Now, this 17th day of July, 1978, the order of the Court of Common Pleas of Delaware County in the above captioned case, dated October 1, 1976, is hereby affirmed.